**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUAN LLIGUI CACERES,**<br>**Petitioner,**<br>**v.**<br>**WARDEN OF DELANEY HALL DETENTION FACILITY, *et al*.,**<br>**Respondents.** | **Case No. 26–cv–10042–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Juan Lligui Caceres's second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Second Petition). (ECF No. 1.)

1. Petitioner is a citizen of Ecuador. (*Id.* ¶ 1.)

2. Petitioner was detained by ICE on July 6, 2026. (*Id.* ¶ 4.)

3. On July 7, 2026, petitioner challenged his detention in a habeas corpus petition (First Petition). *Caceres v. Blanche*, No. 26–cv–08332, 2026 WL 2110787 (D.N.J. July 22, 2026).

4. On July 22, 2026, I denied the First Petition after finding that petitioner was subject to a final order of removal and had not rebutted the presumption that his detention pending removal was reasonable. *Id.* at *2.

5. In his Second Petition, petitioner concedes that his detention is governed by 8 U.S.C. § 1231 but argues that his removal is not reasonably foreseeable. (ECF No. 1 ¶¶ 59, 61, 62, 63, 64.)

6. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

7. I concluded in the First Petition that the mandatory detention period expired on February 1, 2008. *Caceres*, 2026 WL 2110787, at *1. Respondents do not dispute this finding. (ECF No. 8 p. 2.)

8. ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). The presumptively permissible timeframe for post-removal-period detention is six months. *Zadvydas*, 533 U.S. at 701.

9. However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of [her] detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

10. "[I]f a detainee provides 'good *reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with *evidence* sufficient to rebut that showing." *Munoz-Saucedo*, 789 F. Supp. 3d at 395 (emphasis in original) (quoting *Zadvydas*, 533 U.S. at 701).

11. Petitioner asserts that his "identity, Ecuadorian nationality, and final order have been known to immigration authorities for many years. Yet, after more than eighteen years since the removal period expired and more than one month of renewed detention, no travel document, confirmed acceptance, itinerary, or removal date has been disclosed." (ECF No. 1. ¶ 63.)

12. Petitioner represents that he is willing to comply with reasonable alternatives to detention. (*Id.* ¶¶ 52 ,82.)

13. Respondents submit the declaration of ICE Detention and Deportation Officer Syed Jeelani in opposition to the Second Petition. (Jeelani Dec.) (ECF No. 8–1.)

14. Jeelani declares that ICE has determined that there are no pending motions, applications, or appeals pending in petitioner's immigration proceedings and that ICE "is in possession of the petitioner's cedula number, which can be used for the petitioner's travel." (*Id.* ¶ 7.) Petitioner had been transferred to Port Isabel, Texas on August 7, 2026 to start the removal process. (*Id.* ¶ 8.) He has since been transferred back to Delaney Hall, New Jersey. (*Id.*)[1]

15. I conclude that petitioner has not rebutted the presumption of the reasonableness of his detention. Petitioner was detained on July 6, 2026, and respondents were prohibited from transferring him from July 7 to July 22, 2026 while the First Petition was pending. (*Id.* ¶ 6.)

16. Respondents transferred petitioner to Texas on August 7, but returned him to New Jersey because of the Second Petition. (*Id.* ¶ 8 & n. 1.) Respondents have been prohibited from further transferring him since August 8, 2026. (ECF No. 2.)

17. Petitioner unquestionably has the right to challenge his detention via habeas corpus, but I cannot say that respondents have made no effort to remove petitioner when there have been orders preventing his transfer for most of his detention.

18. Respondents have produced evidence that petitioner was transferred to Texas for the express purpose of removal once the First Petition's transfer restriction was lifted. (Jeelani Dec. ¶ 8.) It therefore appears that respondents expect to remove petitioner from the country soon.

19. Petitioner retains the right to challenge his detention in the appropriate district court should this not be the case, but his immigration detention under § 1231 remains presumptively reasonable based on the facts in the Second Petition.

Accordingly,

**IT IS** on this **1st** day of **September 2026** **ORDERED** that:

1. Petitioner's Second Petition is **DENIED WITHOUT PREJUDICE**.

2. Any restrictions imposed by this Court on petitioner's location are **LIFTED**.

---

[1] Respondents do not dispute jurisdiction. (ECF No. 5.)

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**